UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ENRIQUE DIAZ,                                             1:02-cv-06353-OWW-WMW (PC)

             Plaintiff,

   v.                                                          ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

COLL, et. al.,                                              (Doc. 19)

             Defendants.

_____/

**I.   SCREENING ORDER**

     Enrique Diaz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on November 1, 2002. On November 15, 2002, Plaintiff filed an amended complaint – which was terminated by Plaintiff on November 18, 2002. On October 4, 2006, Plaintiff filed a motion to amend the complaint and amended complaint. The Court granted Plaintiff's motion to amend. Thus, Plaintiff's October 4, 2006 amended complaint is before the Court at this time.

    **A.   Screening Requirement**

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.     Summary of Plaintiff's Complaint**

Plaintiff is a state prisoner.  While currently housed at Salinas Valley State Prison ("SVSP") in Soledad, California, he complains of actions that occurred over a little more than two years at both California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California and California Correctional Institution ("CCI") in Tehachapi, California.  Plaintiff names fifty-one (51) defendants in his eighty-two (82) page typewritten complaint.  Plaintiff alleges violations of his rights regarding: his placement and retention in Administrative Segregation ("Ad-Seg") and Security Housing Units ("the SHU") at both SATF and CCI; his classification at SATF; his transfer between facilities; the handling of his prisoner/administrative grievances at SATF and CCI; loss of good time credits; some conditions of his confinement while in the SHU at CCI; and his being subjected to retaliation.

**C.     Pleading Requirements**

   **1.  *Federal Rule of Civil Procedure 8(a)***

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### 2. *Federal Rule of Civil Procedure 18*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28

U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint is voluminous and includes multiple unrelated claims against differing defendants. While it appears that Plaintiff may be able to state at least one cognizable claim, he clearly violates Rule 18(a) by including multiple unrelated claims in this single filing. Plaintiff will be given opportunity to file a second amended complaint under this case number, wherein he is directed to plead/allege only related claims. All unrelated claims should be brought in separate suits. Plaintiff is advised that if he chooses to file a second amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### D. **Claims for Relief**

Due to the length and verbosity of Plaintiff's amended complaint, Plaintiff's individual factual allegations/scenarios will not be restated herein. Rather, the Court provides the following

legal standards which may be applicable based on inferences the Court is able to glean from Plaintiff's allegations. It is Plaintiff's duty to state what his claims for relief are and their factual basis. The Court will not guess as to which facts may or may not correlate to which constitutional violations plaintiff alleges in this case.

### 1. *Retaliation*

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). To establish a prima facie case, Plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt 65 F.3d at 807. The injury asserted in retaliation cases is the retaliatory conduct's chilling effect on Plaintiff's First Amendment rights. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000). A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. Pratt, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. See Pratt 65 F.3d at 808; Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

### 2. *Conditions of Confinement*

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v.

Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.  Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk.  Id. at 844-45.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Id. at 835; Frost, 152 F.3d at 1128.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. at 8 (quotations and citations omitted).  "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim."  Id. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  Id. (quotations and citations omitted).

"[E]xtreme deprivations are required to make out a conditions-of-confinement claim."  Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotation marks and citations omitted).

Temporarily unconstitutional conditions of confinement do not rise to the level of constitutional violations. See Anderson v. County of Kern 45 F.3d 1310 (9th Cir. 1995) and Hoptowit v. Ray 682 F.2d 1237 (9th Cir. 1982).

### 3. *Procedural Due Process*

#### a. **Inmate Appeals Process & Due Process**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a

guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

### b. Retention in Ad-Seg/SHU & Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68. With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff is not entitled to procedural due process protections in a vacuum. In order to be entitled under federal law to any procedural due process protections, Plaintiff must first have a liberty interest at stake. Plaintiff has alleged no facts that establish the existence of a liberty interest in remaining free from Ad-Seg. Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted). Plaintiff may not pursue a claim for relief under

section 1983 for deprivation of procedural due process unless he is able to establish the existence of a liberty interest in remaining free from Ad-Seg/the SHU.

In summary, because Plaintiff does not have a liberty interest in remaining free from Ad-Seg/the SHU, Plaintiff was not entitled to any procedural due process protections, and may not, therefore, pursue a claim for relief for deprivation of procedural due process. That defendants may have failed to comply with state regulations is not grounds for relief under section 1983 for deprivation of due process. Plaintiff is entitled to very limited due process protections under federal law with respect to placement in Ad-Seg/the SHU. See Toussaint, 801 F.2d at 1100-01.

### 4. *Loss of Good Time Credits*

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005); Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004); Edwards v. Balisok, 520 U.S. 641, 648 (1997). Because the finding of guilty affects the length of Plaintiff's sentence, his claim is barred under section 1983 until such time as he invalidates the result of the disciplinary hearing(s) via the prison's administrative remedy process or a petition for writ of habeas corpus relief. Id.

### 5. *Classification*

Prisoners have no constitutional right to a particular classification status, see Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976), and prisoners have no constitutional right to be incarcerated at a particular correctional facility. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Further, prisoners have no constitutional right to employment. Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1997). Accordingly, absent a motive that implicates constitutional concerns, plaintiff's change in custody status, which led to his transfer to a less favorable facility does not give rise to a claim for relief. Vignolo at 1077-78 (inmate's alleged removal from his prison job in retaliation for the exercise of constitutionally protected activity may state a claim for relief).

### 6. *Transfer*

Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976).

### 7. *Conspiracy*

#### a. 42 U.S.C. 1983

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted). As such, a bare allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

#### b. 42 U.S.C. 1985

Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under section 1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or

10

deprivation of any right or privilege of a citizen of the United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

In interpreting these standards, the Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

The second clause of section 1985(2) proscribes conspiracies for the purpose of impeding the due course of justice in any state, with the intent to deny equal protection of the laws, and section 1985(3) proscribes conspiracies to deny equal protection of the law or equal privileges and immunities.[1] Coverdell v. Dep't. of Soc. and Health Svcs., State of Washington, 834 F.2d 758, 767 (9th Cir. 1987). An allegation of racial or class-based discrimination is required to state a claim for relief under either the second clause of section 1985(2) or section 1985(3). Bretz v. Kelman, 773 F.2d 1026, 1028-1030 (9th Cir. 1985).

### c. 42 U.S.C. 1986

"Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 971 n.7 (9th Cir. 1994). Plaintiff may not pursue a claim for relief under 42 U.S.C. § 1986 unless he has first stated a claim for relief under section 1985. McCalden v. California Library Assoc., 955 F.2d 1214, 1223 (9th Cir. 1992).

### 8. *Double Jeopardy*

The Double Jeopardy Clause precludes "a second prosecution for the same offense," and prevents "the State from 'punishing twice, or attempting a second time to punish criminally, for

---

[1] "The first clause of 1985(2) concerns conspiracy to obstruct justice in the federal courts, or to intimidate a party, witness or juror in connection therewith" Bretz v. Kelman, 773 F.2d 1026, 1028 n.3 (9th Cir. 1985) and is not applicable.

the same offense.'" Kansas v. Hendricks, 521 U.S. 346, 369 (1997) (quoting Witte v. United States, 515 U.S. 389, 396 (1995)). The *Ex Post Facto* Clause "forbids the application of any new punitive measure to a crime already consummated," and "pertain[s] exclusively to penal statutes." Kansas v. Hendricks, 521 U.S. at 370 (internal quotation marks and citations omitted). Placement in Ad-Seg or the SHU does not violate the Double Jeopardy Clause as it does not constitute "a second prosecution for the same offense."

### 9. *Supervisorial Liability*

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

## II. CONCLUSION

For the reasons set forth above, Plaintiff's amended complaint is dismissed, with leave to file a second amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227

(9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is reminded that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that it is inappropriate to attach exhibits to a complaint.  See Rule 8, Federal Rules of Civil Procedure.  Further, the Court cannot serve as a repository for the parties' evidence.  Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court).  At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief.  Thus, in amending his complaint, Plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in

the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the court in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

**Dated:   July 14, 2008**                    /s/  **William M. Wunderlich**
                                         UNITED STATES MAGISTRATE JUDGE