IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENRIQUE DIAZ,

       Plaintiff,                    1: 02 CV 6353 OWW WMW PC

   vs.                                 FINDINGS AND RECOMMENDATION

L. SMART, et al.,

       Defendants.

     Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is the August 22, 2008, amended complaint filed in response to an earlier order dismissing the operative complaint with leave to amend.

     In the order dismissing the operative pleading, the Court noted the following summary of the complaint.  While currently housed as Salinas Valley State Prison (SVSP) in Soledad, California, he complains of action that occurred over a little more than two years at both California Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran, California and California Correctional Institution (CCI) in Tehachapi, California.  Plaintiff names 51 defendants in his 82 page typewritten complaint.  Plaintiff alleges violations of his rights regarding his placement in Administrative Segregation (AdSeg) and Security Housing Units

1

(SHU) at both SATF and CCI.  Plaintiff also challenges his classification at both SATF and CCI.  Plaintiff also set forth claims regarding his classification at SATF, his transfer between facilities, the handling of his prisoner/administrative grievances at SATF and CCI, his loss of good time credits, conditions of confinement in the SHU at CCI.  Plaintiff also alleged that he was subjected to retaliation.   The Court dismissed all of Plaintiff's claims for failure to allege facts sufficient to state a claim for relief.

In the August 22, 2008, amended complaint, Plaintiff classifies his allegations into two distinct claims:  Due process violations regarding his disciplinary process and claims regarding his classification.  Plaintiff names as defendants the following individuals: Correctional Counselor L. Smart; Correctional Counselor D. Duvall; Lieutenant K. Sampson; Correctional Officer (C/O) G. Gonzales.

**Disciplinary Hearing**

Plaintiff's claims regarding his disciplinary hearing stem from a Rules Violation Report (RVR) issued to Plaintiff for possession of a weapon. Plaintiff alleges that the weapon was placed inside his (Plaintiff's) mattress by his cellmate.   Plaintiff requested that the weapon be tested for fingerprints and that he be assigned an investigative employee.  Plaintiff was assigned an investigative employee.  Plaintiff also requested a copy of a memorandum that cancelled all bed moves.  Plaintiff sought this memo in order to prove that Plaintiff and his cellmate "were vulnerable to each other" and sought to be re-assigned.    Plaintiff was denied the memorandum.  Plaintiff's request for fingerprint testing was also denied.

Plaintiff also challenged the reliability of confidential information.   The hearing officer advised Plaintiff that the information was properly disclosed.  Plaintiff contends that the information was not disclosed.  Plaintiff also sought a memorandum regarding yard release in order to prove that he was not on the yard that day.  This was denied on the ground that "the informant could have been talking about seeing the Plaintiff with a weapon the day before."

Plaintiff contends that the report would prove otherwise.

In <u>Edwards v. Balisok</u>, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In <u>Heck</u>, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In applying the principle to the facts of <u>Balisok</u>, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. <u>Heck</u>, 512 U.S. at 487; <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).

Although the specific facts of <u>Balisok</u> involved allegations of deceit and bias on the part of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the effect of invalidating the result of a disciplinary hearing. Here, Plaintiff's core factual allegations are that he was innocent, and that he was deprived of the evidence to prove his innocence. Because plaintiff's claim necessarily implies the invalidity of plaintiff's continued confinement as a result of his disciplinary hearing, plaintiff's claim will not accrue until the conviction or sentence has been invalidated   There are no such allegations. This claim should therefore be dismissed.

**Classification**

As a result of the pending disciplinary charge, Plaintiff was placed in Administrative

1  Segregation.  Plaintiff was originally assessed a 10 month Security Housing Unit (SHU) term,
2  which was amended by the Institutional Classification Committee to a 15 month term.  The ICC
3  also endorsed Plaintiff for a non-adverse transfer to another facility.  Plaintiff alleges that he did
4  not receive a hearing on the adverse transfer, and that he was retained in AdSeg beyond the 15
5  month aggravated SHU term.

6        The Due Process Clause protects prisoners from being deprived of liberty without due
7  process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of
8  action for deprivation of procedural due process, a plaintiff must first establish the existence of a
9  liberty interest for which the protection is sought.  Liberty interests may arise from the Due
10 Process clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  The Due
11 Process Clause itself does not confer on inmates a liberty interest in being confined in the general
12 prison population instead of administrative segregation.  See Hewitt, 459 U.S. at 466-68.  With
13 respect to liberty interests arising from state law, the existence of a liberty interest created by
14 prison regulation is determined by focusing on the nature of the deprivation.  Sandin v. Conner,
15 515 U.S. 472, 481-84 (1995).  Liberty interests created by prison regulations are limited to
16 freedom from restraint which "imposes atypical and significant hardship on the inmate in relation
17 to the ordinary incidents of prison life."  Id. at 484.

18       Plaintiff is not entitled to procedural due process in a vacuum.  In order to be entitled
19 under federal law to any procedural due process protections, Plaintiff must first have a liberty
20 interest at stake.  Plaintiff has alleged no facts that establish the existence of a liberty interest in
21 remaining free from AdSeg.  Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir.
22 1997)(convicted inmate's due process claim fails because he has no liberty interest in freedom
23 from state action taken within sentence imposed and administrative segregation falls within the
24 terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v.
25 Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was
26

within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being fee from confinement in the SHU) (quotations omitted).  Plaintiff may not pursue a claim for relief under section 1983 for deprivation of procedural due process unless he is able to establish the existence of a liberty interest in remaining free from AdSeg.  Plaintiff is not, therefore, entitled to any due process protections, and may not, therefore, pursue a claim for relief for deprivation of procedural due process.

The court recommends dismissal of the claims made in the August 22, 2008, amended complaint with prejudice for failure to state a federal claim upon which the court could grant relief.  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 1, 2009**              /s/  **William M. Wunderlich**
                                        UNITED STATES MAGISTRATE JUDGE